```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Boards of Trustees of the         :
Ohio Laborers' Fringe Benefit
Program,                          :

       Plaintiffs,           :

    v.                            :      Case No. 2:14-cv-0214

                                              :
M&R, LLC,                                        Magistrate Judge Kemp
       Defendant.            :

                       OPINION AND ORDER

     This matter is before the Court on plaintiffs the Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs' motion for summary judgment. Defendant M&R, LLC has not responded to the motion and the time for doing so has long passed. For the following reasons, the motion for summary judgment will be granted.

                            I.  <u>Legal Standard</u>

     Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. <u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving

party.  United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

## II.  Facts

The following facts are taken from the complaint and motion for summary judgment.  The plaintiffs are fiduciaries of three employee benefit trusts, the Ohio Laborers' District Council - Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund, and one labor management cooperative trust known as Ohio Laborers' District Council - Ohio Contractors' Association Cooperation and Education Trust.  These trusts are obligated to collect contributions for the LIUNA Tri-Funds and three national Labor-Management Cooperative Trusts as required by the collective bargaining agreement relevant to this case.

M&R, LLC is an employer within the meaning of Employee Retirement Income Security Act, 29 U.S.C. §1002(5).  M&R entered

into a collective bargaining agreement with local unions affiliated with the Laborers' District Council of Ohio, AFL-CIO. This agreement, an Ohio Heavy-Municipal-Utility State Construction Agreement, obligated M&R to make contributions to the funds pursuant to the respective trust agreements.

M&R failed to make timely contributions to the Funds for the period May, 2013 through September, 2013. See Affidavit of Cyndi Zeller ¶12. M&R made some late payments for the period May, 2013 through July, 2013, but unpaid contributions totaling $10,179.99 still remain. Id. at ¶¶13,14. Interest and liquidated damages on the late or unpaid contributions total $3,923.74. Id. at ¶17. Plaintiffs incurred $8,925.00 in attorneys' fees in connection with this action. See Affidavit of Steven L. Ball.

### III. Analysis

Viewing the above facts in the light most favorable to M&R, the Court concludes that M&R is a limited liability company doing business within the jurisdiction of the collective bargaining agreements and that it was contractually obligated to submit timely contribution reports and make timely fringe benefit contributions. The record also indicates that M&R owes $14,103.73 for all unpaid or late fringe benefits, liquidated damages, and interest from May, 2013 through September, 2013. This figure includes $10,179.99 in past due fringe benefit contributions, $2,170.97 in liquidated damages, and $1,752.77 in interest on unpaid contributions. Further, according to the record, plaintiffs' counsel, Steven L. Ball, invested 35 hours in this matter at the rate of $255.00 per hour, for a total amount of attorneys' fees of $8,925.00.

Based on these facts, the Court finds that plaintiffs are entitled to an award of $14,103.73 for past due fringe benefit contributions, liquidated damages, and interest on late and unpaid contributions. Further, the Court concludes that the

attorneys' fees are reasonable and will award the requested $8,925.00.

## IV. Conclusion

For the reasons stated above, the motion for summary judgment (Doc. 22) is granted.  The Clerk shall enter judgment against defendant in the amount of $14,103.73, plus attorneys' fees in the amount of $8,925.00 and costs.

/s/ Terence P. Kemp
United States Magistrate Judge